**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| ARRHWN-IKECHUKWU FEJOKWU, | : | Case No. 1:26-cv-131 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| vs. | : | |
| | : | |
| MAXIMUS FEDERAL SERVICES, INC., | : | |
| et al., | : | |
| Defendants. | : | |

---

### ORDER ADOPTING REPORT AND RECOMMENDATION (DOC. 6)

---

This matter is before the Court on the Report and Recommendation (the "Report") (Doc. 4) of United States Magistrate Judge Karen L. Litkovitz, to whom this case is referred pursuant to 28 U.S.C. § 636(b).  In the Report, the Magistrate Judge recommends that the Court dismiss the action.  Plaintiff filed Objections (Doc. 7) to the Report. The Defendant provided no response. Thus, this matter is ripe for the Court's review.

In the Report, the Magistrate Judge asserts that Plaintiff's Complaint fails for several reasons. First, the Report states that the court lacks subject-matter jurisdiction over Plaintiff's claims, as Plaintiff has failed to identify "any basis for federal jurisdiction." (Report, Doc. 6, Pg. ID 59.) From the Court's best reading of the Complaint, Plaintiff seemingly brings this action against a federal student loan servicer, Defendant Maximus Federal Services, Inc., and Defendant Bruce Caswell, CEO of Defendant Maximus Federal Services. (*See* Am. Compl., Doc. 3.) The Complaint is constructed as a letter to Defendant Caswell and seemingly brings several contracts-based claims against Defendants, arguing that there was no "meeting of the minds" regarding a contract for

student loans, and that Plaintiff owes no loans on this contract. (*Id.*) While Plaintiff does briefly mention the Fair Debt Collections Practice Act (*see id.* at Pg. ID 34), a federal statute, his Complaint does not bring a claim under that act, nor does he seek relief pursuant to that act. (*See id., generally.*) Rather, Plaintiff argues that "there may be fraud or misrepresentation on the contract, and/or the contract itself may be an unconscionable contract, or the other controversies may exist within this contract/transaction." (*Id.* at Pg. ID 31.)

In his Objections, Plaintiff argues that federal jurisdiction exists because the Complaint presents a federal question. (Objections, Doc. 7, Pg. ID 63.) To that end, Plaintiff argues that the dispute involves "obligations arising under the federal student loan programs," that Defendants are acting "under federal contracts and authority," and that the "legality, enforceability, and administration of the alleged debt implicate federal statutes and regulations." (*Id.*) However, the Complaint does not involve a substantial question of federal law, for purposes of federal question jurisdiction. *Estate of Cornell v. Bayview Loan Servicing, LLC*, 908 F.3d 1008, 1015 (6th Cir. 2018). Instead, the involvement of federal loan contracts and the Fair Debt Collections Practice Act are merely "incidental to the outcome." *Id.* At bottom, Plaintiff seeks to dispute the existence and enforceability of a contract between himself and Defendants; while the disputed contract exists because of federal student loan programs, this alone is insufficient to transform state law contract claims into federal questions. *Cervantes v. Spring Meadow Nursery, Inc.*, No. 1:20-cv-1132, 2021 WL 5310914, at *4-5 (W.D. Mich. July 27, 2021) (dismissing contract claims for lack of federal question jurisdiction despite the contract arising because of a federal program).

2

Furthermore, Plaintiff's argument that the legality, enforceability, and administration of the alleged debt implicate federal statutes similarly does not persuade. *See Mays v. City of Flint*, 871 F.3d 437, 449-50 (6th Cir. 2017) ("the presence of a claimed violation of [a federal statute] as an element of a state cause of action is insufficiently substantial to confer federal-question jurisdiction"). Plaintiff's claims neither arise under federal law, nor does his relief depend on the resolution of a substantial question of federal law. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006). The Court agrees, therefore, with the Report's finding that Plaintiff's Complaint fails to present a federal question or to invoke diversity jurisdiction.

Plaintiff additionally objects to the Report's finding that he failed to state a claim for relief and clarifies the nature of his claims. (Objections, Doc. 7, Pg. ID 63.) The Court notes, however, that Plaintiff seemingly misconstrues the Report's finding on his failure to state a claim; the Report states that he fails to state a claim because of the lack of jurisdiction. (Report, Doc. 6, Pg. ID 59-60.) Clarification of the claims, as Plaintiff has provided in his Objections, do not cure this defect. Nevertheless, as additional grounds for dismissal, the Report states that the Complaint "fails to allege the type of relief Plaintiff is seeking from the Court." (Report, Doc. 6, Pg. ID 60.) To that end, Plaintiff clarifies in his Objections that he seeks three forms of relief: "(1) a declaration that the alleged debt is invalid and unenforceable; (2) discharge and cancellation of the alleged obligation; and (3) any additional relief the court deems proper." (Objections, Doc. 7, Pg. ID 64.) This clarification, however, does not alone render Plaintiff's claims actionable. *King v. Scutt*, No. 13-11623, 2017 WL 1173765, at *1 (E.D. Mich. Mar. 30, 2017) (plaintiff

3

not allowed to cure defect in complaint via objections to an R&R). Plaintiff goes on to request leave to amend the complaint to cure these deficiencies. (Objections, Doc. 7, Pg. ID 64.) While courts should generally allow pro se litigants to amend a complaint, "even when the complaint is subject to dismissal under the PLRA," *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), Plaintiff's Objections fail to overcome the threshold issue of subject matter jurisdiction. Nothing in the record suggests that Plaintiff would be able to cure the jurisdictional defects in his Complaint if given leave to amend. Accordingly, such leave is not warranted. *See King*, 2017 WL 1173765, at *4.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon said review, the Court finds that Plaintiff's Objections (Doc. 7) are not well-taken and are accordingly **OVERRULED**. The Court **ADOPTS** the Report (Doc. 6) in its entirety. Plaintiff's Complaint (Doc. 3) is thus **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. This case shall be **TERMINATED** on the Court's docket.

**IT IS SO ORDERED**.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
MATTHEW W. McFARLAND
UNITED STATES DISTRICT JUDGE

4